**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JANAKKUMAR T. PATEL,<br>        Appellant, | DOCKET NUMBER<br>DC-0432-17-0032-I-1 |
| v. | |
| DEPARTMENT OF COMMERCE,<br>        Agency. | DATE: February 1, 2023 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Janakkumar T. Patel</u>, Nashville, Tennessee, pro se.

<u>Taron Murakami</u>, Alexandria, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's action removing him for unacceptable performance pursuant to 5 U.S.C. chapter 43.  For the reasons set forth below, we GRANT the petition for review.  We AFFIRM the initial decision IN PART AS MODIFIED to

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

(1) supplement the administrative judge's analysis to find that the agency communicated its performance standards to the appellant, and (2) apply the Board's current standard for analyzing age and national origin discrimination claims. We VACATE the initial decision IN PART and REMAND the appeal to the regional office for further adjudication consistent with the U.S. Court of Appeals for the Federal Circuit's decision in *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

¶2   The appellant was employed at the agency as a Patent Examiner (Examiner), GS-11.  Initial Appeal File (IAF), Tab 4 at 45.  This position requires incumbents to examine assigned patent applications from first action to their final disposition within an assigned period of time.  IAF, Tab 15 at 13.  The performance plan for this position includes the following critical elements: (1) quality; (2) production; and (3) docket management.[2]  IAF, Tab 5 at 21.

¶3   Within the quality element, the plan distinguishes between category 1, category 2, and category 3 errors, based on the activities involved.  IAF, Tab 15 at 49-51.  As a GS-11 Examiner, to achieve a marginal rating in the quality element, which is the minimum rating above unacceptable, the appellant was required to have an error rate in category 1 and category 2 of 7.49% or less.[3]  *Id*. at 54-55.  The activities under which category 2 errors may be charged include, among other tasks, "[m]aking proper rejections under 35 U.S.C. §§ 102 and 103 with supporting rationale, or determining how claim(s) distinguish over the prior [issued patents]."  *Id*. at 50.  The plan provides that if an examiner disagrees with the determination that he has committed an error, he has the opportunity to rebut

---

[2] The performance plan also includes stakeholder interaction, which is a noncritical element.  IAF, Tab 5 at 21.

[3] Category 3 errors only apply to certain work of GS-14 and GS-15 Examiners and thus were not applicable to the appellant.  IAF, Tab 15 at 50-51.

it or, if the issue remains unresolved, make a presentation regarding the issue to a director. *Id*. at 49.

¶4    On October 6, 2014, the agency orally warned the appellant that his performance was unacceptable in the Quality (Category 2) critical element. IAF, Tab 5 at 69. Subsequently, the agency issued the appellant a letter confirming the oral warning. *Id*. at 69-74. The agency informed him that, during the fourth quarter of fiscal year 2014, 5 of the 39 applications that he submitted contained category 2 errors, which was an unacceptable error rate of 12.82%. *Id*. at 69. It stated that the seven bi-week period between October 1, 2014 and January 10, 2015, would serve as an evaluation period during which he must achieve the marginal level of performance. *Id*. at 73-74. During the evaluation period, he was required to achieve at least the marginal level of performance, meaning that his error rate could not exceed 7.49% for category 2 errors. *Id*. at 74. The letter further stated that this period would be extended one bi-week for every 80 hours of approved absence. *Id*. As the appellant had taken 113 hours of leave, the improvement period was extended to January 24, 2015. IAF, Tab 6 at 6.

¶5    On March 19, 2015, the agency warned the appellant in writing of his unacceptable performance. *Id*. at 103-08. It stated that, during the oral warning evaluation period, 7 of the 55 actions he submitted contained a category 2 error, for an unacceptable error rate of 12.73%. *Id*. at 103. Thus, the agency placed the appellant under a "written warning of unacceptable performance" beginning on March 22, 2015, and ending on June 27, 2015, to be extended one bi-week for every 80 hours of approved leave. *Id*. at 108. The period was extended until July 11, 2015. IAF, Tab 7 at 6. Six of the 47 actions that the appellant prepared during this period contained category 2 errors. IAF, Tab 14 at 60-64. Thus, his error rating during the period was 12.77%, which was greater than the maximum

allowable error rate of 7.49%.[4]  IAF, Tab 5 at 5-13.  The appellant chose not to rebut any of the errors charged during the written warning period.  IAF, Tab 14 at 68.

¶6    On October 23, 2015, the agency proposed the appellant's removal for unacceptable performance in the Quality critical element on the basis of his 12.77% category 2 error rate during the written warning period.  IAF, Tab 5 at 5-13.  The agency explained that all of these errors involved his responsibility to "formulat[e] rejections under 35 U.S.C. §§ 102 and 103 with supporting rationale, or [determine] how claim(s) distinguish over the prior [issued patents]."  *Id*. at 6-11.  He responded orally and in writing.  IAF, Tab 4 at 52-109.  The agency imposed the removal, effective March 25, 2016.  *Id*. at 47-50.

¶7    The appellant filed the instant appeal challenging his removal and requested a hearing.[5]  IAF, Tab 1.  After conducting the appellant's requested hearing, the administrative judge issued an initial decision sustaining the removal.  IAF, Tab 28, Initial Decision (ID).  Specifically, he sustained the agency's charge and found that the appellant did not prove his affirmative defense of discrimination on the bases of race, national origin, or age.  ID at 3-9.

¶8    The appellant has filed a petition for review and the agency has responded in opposition to his petition.  Petition for Review (PFR) File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9    At the time the initial decision was issued, the Board's case law stated that, in an appeal of a performance-based removal under chapter 43, the agency must

---

[4] The agency originally included 8 errors out of 49 actions, which included 2 errors from cases that the appellant had begun to process prior to the warning period, but it later corrected the total actions to 47.  IAF, Tab 14 at 60-61, 69-70.

[5] The agency issued a final decision on the appellant's equal employment opportunity complaint on September 15, 2016.  IAF, Tab 1 at 12-24.

establish the following by substantial evidence:[6]  (1) the Office of Personnel Management (OPM) approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards were valid under 5 U.S.C. § 4302(b)(1);[7] (4) the agency warned the appellant of the inadequacies of his performance during the appraisal period and gave him a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant's performance remained unacceptable in one or more of the critical elements for which he was provided an opportunity to demonstrate acceptable performance.  *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010).

¶10      Here, the administrative judge found that OPM approved the agency's appraisal system, the performance standards at issue are valid under 5 U.S.C. § 4302(b)(1), the agency warned the appellant about his inadequate performance and gave him a reasonable opportunity to demonstrate acceptable performance, and his performance remained unacceptable in the Quality critical element. ID at 3-9; IAF, Tab 5 at 26-39, Tab 15 at 115.  The appellant does not challenge the administrative judge's findings regarding OPM's approval and the validity of the standards under 5 U.S.C. § 4302(b)(1), and we find no reason to disturb them. PFR File, Tab 1.  Further, although the administrative judge did not make a finding that the appellant received notice of his performance standards, the record reflects that the appellant acknowledged discussing his position and receiving his performance standards in October 2013 and October 2014.  IAF, Tab 5 at 16, 45.

---

[6] Substantial evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree."  5 C.F.R. § 1201.4(p).

[7] As a result of the enactment of the National Defense Authorization Act for Fiscal Year 2018, Pub. L. No. 115-91, § 1097(d)(1), 131 Stat. 1283, 1619 (2017), the criteria that were set forth in 5 U.S.C. § 4302(b)(1) at the time the initial decision was issued now appear in 5 U.S.C. § 4302(c)(1).

Accordingly, we modify the initial decision to find that the agency notified the appellant of his performance standards.

¶11    Thus, the only remaining issues concerning the agency's burden of proof based on the Board's case law at the time the initial decision was issued are (1) whether the agency warned the appellant about his performance and gave him a reasonable opportunity to improve and (2) whether his performance remained unacceptable in at least one critical element.  As discussed below, we find that the agency met its burden regarding these issues.

The agency warned the appellant about his performance and gave him a reasonable opportunity to improve.

¶12    The administrative judge found that the agency proved by substantial evidence that it warned the appellant about his performance and provided him with a reasonable opportunity to improve.  ID at 4-6.  He noted that the agency provided the appellant with an oral and written warning and that, during the written warning period, the appellant's first-line supervisor met with him once per week.  *Id*.  The appellant argues that the agency did not provide him a sufficient and proper opportunity to improve and instead attempted to undermine him by collecting information during weekly meetings and returning cases multiple times.  PFR File, Tab 1 at 4-5.

¶13    The employee's right to a reasonable opportunity to improve is a substantive right and a necessary prerequisite to all chapter 43 actions.  *Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 8 (2013).  In determining whether the agency has afforded the appellant a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of the appellant's position, the performance deficiencies involved, and the amount of time which is sufficient to enable the employee to demonstrate acceptable performance.  *Id*.

¶14    The appellant was expected to draft actions that were free from errors in matters such as how a claim was distinguishable from prior issued patents.  IAF,

Tab 15 at 50-51, 54-55. However, he exceeded this error rate. IAF, Tab 5 at 5-13. The agency's expectation over this aspect was not unreasonable. Further, the agency provided the appellant a sufficient time period to improve by issuing an oral warning to him in October 2014 but not proposing his removal until October 2015, after providing him with two improvement periods of over seven bi-weeks. IAF, Tab 5 at 5-13, 69-74, Tab 6 at 6, 103-08, Tab 7 at 6; *see Lee*, 115 M.S.P.R. 533, ¶ 33 (finding that a performance improvement period of 60 days was sufficient).

¶15    The appellant asserts that his first-line supervisor used the weekly meetings to collect evidence to support his removal. PFR File, Tab 1 at 4. He also asserts that his first-line supervisor returned cases to him multiple times in an untimely manner and asked him to make changes without proper directions or guidance, with the goal of hindering his production. *Id.* at 4-5. In finding that the agency provided the appellant with the proper opportunity to improve, the administrative judge credited the testimony of the appellant's first-line supervisor that, during the second improvement period, he met with the appellant at least once per week to discuss errors and how to correct them. ID at 5-6; Hearing Transcript (HT) at 73 (testimony of the appellant's first-line supervisor); IAF, Tab 14 at 73-189. The administrative judge also credited the first-line supervisor's testimony that he returned the appellant's work, sometimes on multiple occasions, because of continued problems with the work product. ID at 8; HT at 73-74 (testimony of the appellant's first-line supervisor). The appellant's arguments do not provide a reason to disturb the administrative judge's finding, which is implicitly based upon the demeanor of the appellant's first-line supervisor during the hearing.[8]

_____

[8] The appellant argues that his group director denied him a transfer request and did not offer him a last-chance agreement prior to removing him. PFR File, Tab 1 at 5; IAF, Tab 17 at 5-9. He has not stated any basis for his entitlement to a transfer or a last-chance agreement and thus this argument does not provide a reason for disturbing the initial decision. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the administrative judge's

*See Purifoy v. Department of Veterans Affairs*, [838 F.3d 1367](#), 1373 (Fed. Cir. 2016) (finding that the Board must defer to an administrative judge's findings when they are implicitly based upon the demeanor of witnesses who testified at the hearing).

The appellant's performance remained unacceptable in the Quality element.

¶16 The administrative judge found that the agency proved by substantial evidence that the appellant's performance remained unacceptable in the Quality element. ID at 6-9. Specifically, he found that the appellant's first-line supervisor provided him with notice and explained each charged error as it occurred as well as 14 days to submit a response to the error but that the appellant did not respond. ID at 6-7; IAF, Tab 7 at 43-134, Tabs 8-13, Tab 14 at 1-70.

¶17 The appellant argues that, although there had been no issue with his performance when he was a GS-7 and GS-9 Examiner, after he was promoted to a GS-11 Examiner with the accompanying more complicated work, his first-line supervisor did not provide proper guidance. PFR File, Tab 1 at 4-5. The appellant's fist-line supervisor testified that he had expressed concerns about promoting the appellant to the GS-11 level because of the quality of his work and his inability to handle the more complicated duties of a GS-11 Examiner. HT at 51 (testimony of the appellant's first-line supervisor). Additionally, in contrast to a GS-7 or GS-9 Examiner, the agency expects a GS-11 Examiner to work independently and to submit many actions in final form. HT at 25-26 (testimony of the appellant's first-line supervisor), at 194-95 (testimony of the deciding official); *compare* IAF, Tab 15 at 41-42, *with id*. at 43-44. Thus, the appellant's arguments that his performance at the lower grades had been acceptable or that his first-line supervisor should have provided him more guidance are not

findings when he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

persuasive because, as opposed to his prior position, the GS-11 position required him to perform additional duties and to do so more independently than before.

¶18    The appellant also challenges the method by which his first-line supervisor and the agency reviewed his work. PFR File, Tab 1 at 4-5. For instance, he states that the agency erred in its determination that four cases included clear errors, that his first-line supervisor found clear errors without explaining how his interpretation was incorrect or why the references he used in the cases were unreasonable, and that his first-line supervisor returned some of his work to him eight times. *Id*.; IAF, Tab 23 at 15-19, 46-47.

¶19    These arguments are not persuasive. The administrative judge credited the testimony of the appellant's first-line supervisor that he spent significant time with the appellant explaining the errors in his cases and that any returned work was due to persistent issues with the cases. ID at 8; HT at 73-75 (testimony of the appellant's first-line supervisor). The appellant's argument that his performance was acceptable is belied by the fact that he did not challenge the errors at the time. IAF, Tab 14 at 68. Additionally, the agency's quality assurance reviewer agreed with the appellant's first-line supervisor that the cases contained clear errors. *Id*. at 60.

¶20    Further, because the administrative judge's finding that the appellant's performance remained unacceptable is implicitly based upon the credible demeanor of his first-line supervisor at the hearing, the finding is entitled to deference. *See Purifoy*, 838 F.3d at 1373. We find that the appellant's challenges do not provide a basis for disturbing that finding because they constitute mere disagreement with the initial decision and are not supported by the record. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility). Therefore, we agree with the

administrative judge that the appellant's performance remained unacceptable in the Quality element, despite the efforts of the agency.

## The appellant did not prove age or national origin discrimination.

¶21 Finally, the appellant reasserts that the agency discriminated against him on the bases of age and national origin.[9] PFR File, Tab 1 at 5; IAF, Tab 23 at 43-45. Below, he asserted that he did not believe that other employees in his unit who were younger and of a different national origin had to wait for over 2 weeks to have their cases reviewed, had their work returned to them as often as he did, or received notification of errors in bulk emails. IAF, Tab 23 at 44-45. The administrative judge found that the appellant's nonspecific allegations without supporting evidence were insufficient to support his discrimination claims. ID at 9. He also found that the appellant had failed to present any evidence to show that "the agency's action was motivated by discrimination." *Id*. On review, the appellant asserts that younger examiners of a different national origin were "probably" not subject to the same high number of returns and vague guidance addressing how to correct office actions. PFR File, Tab 1 at 5.

¶22 If a performance-based removal action under chapter 43 is supported by substantial evidence, the Board will sustain the action unless the appellant shows the following by a preponderance of the evidence: (1) the agency committed harmful procedural error in reaching its decision; (2) the decision was based on a prohibited personnel practice; or (3) the decision was not in accordance with law.[10] 5 U.S.C. §§ 2302(b), 7701(c); *Lee*, 115 M.S.P.R. 533, ¶ 6; 5 C.F.R. § 1201.56(b)(2)(i)(C). The Age Discrimination in Employment Act states that "personnel actions . . . shall be made free from any discrimination based on age."

---

[9] The appellant does not discernably challenge the administrative judge's conclusion that he failed to prove his claim of discrimination on the basis of his race. ID at 9.

[10] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

29 U.S.C. § 633a(a). Similarly, Title VII requires that such actions "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). Thus, an appellant may prove a claim of discrimination by showing that such discrimination "play[ed] any part" in the way a decision was made. *Babb v. Wilkie*, 140 S. Ct. 1168, 1173-74 (2020); *Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶ 21. A finding that prohibited discrimination played "any part" in the contested action is the same as a finding of "motivating factor." *Pridgen*, 2022 MSPB 31, ¶ 21. Although an appellant who proves motivating factor and nothing more may be entitled to injunctive or other forward-looking relief, to obtain the full measure of relief available under the statute, including status quo ante relief, compensatory damages, or other forms of relief related to the end result of an employment decision, the appellant must show that discrimination was a but-for cause of the employment outcome. *Id.*, ¶ 22. One may prove discrimination under these different standards of proof by various methods, including comparator evidence. *Id.*, ¶¶ 23-24.

¶23    We find that the appellant's speculative allegations do not support a finding that his age and/or national origin were motivating factors in his removal. ID at 9; *see Lee*, 115 M.S.P.R. 533, ¶ 43 (finding the appellant failed to prove that his removal for unacceptable performance constituted national origin discrimination based on a remark of his second-level supervisor and his vague testimony that five predecessors in his position, who were of a different national origin, were not required to perform the same types of assignments he was required to perform). Accordingly, we agree that the appellant has not proven his discrimination claims.[11]

---

[11] The appellant asserts that the group director and the deciding official did not judge his case independently. PFR File, Tab 1 at 5. To the extent that he is arguing that the agency violated his right to due process because the deciding official did not properly consider his case, we disagree. Fundamental due process requires that the tenured public employee have "oral or written notice of the charges against him, an explanation

### Remand is required in light of *Santos*.

¶24    Although the administrative judge correctly cited the Board's precedent setting forth the relevant legal standard for chapter 43 actions at the time he issued his initial decision, subsequent to the initial decision, the Federal Circuit held for the first time that, to support such an action, an agency "must justify institution" of a performance evaluation period by showing that the employee's performance was unacceptable prior to the same. *Santos*, 990 F.3d at 1360-61. Therefore, to defend an action under chapter 43, an agency must now also prove by substantial evidence that the appellant's performance during the appraisal period prior to the performance evaluation period was unacceptable in one or more critical elements. *See Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Id.*, ¶ 16. Although the agency here introduced evidence showing that it orally warned the appellant of inadequacies with his performance prior to the issuance of the written warning of unacceptable performance that triggered the evaluation period, IAF, Tab 5 at 69-74, the parties nonetheless did not have an opportunity before the administrative judge to address the modified legal standard set forth in *Santos*. We therefore remand this case for further adjudication of the appellant's removal. *See Santos*, 990 F.3d at 1363-64 (remanding the appeal for further proceedings under the modified legal standard); *see also Lee* 2022 MSPB 11, ¶ 16 (remanding

---

of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). Here, the agency proposed the appellant's removal, provided him with detailed information supporting the proposal, and allowed him the opportunity to respond before imposing the removal. IAF, Tab 4 at 47-50, 52-109, Tab 5 at 5-13. The deciding official cited the appellant's oral and written responses specifically in the decision. IAF, Tab 4 at 47-48. Thus, we find that the agency provided him the proper process before imposing his removal. *See Lee v. Department of Labor*, 110 M.S.P.R. 355, ¶ 9 (2008) (finding that the agency provided the appellant with due process when it gave her notice of the reasons underlying the charge of unacceptable performance under 5 U.S.C. chapter 43 and an opportunity to respond to those reasons).

the appellant's chapter 43 appeal because the parties were not informed of the modified standard set forth in *Santos*).

¶25    On remand, the administrative judge shall accept evidence and argument on whether the agency proved by substantial evidence that the appellant's performance prior to the evaluation period was unacceptable.  The administrative judge shall hold a supplemental hearing if appropriate.  The administrative judge shall then issue a new initial decision consistent with *Santos*.  If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate his prior findings on other elements of the agency's case in the remand initial decision.  However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's prior performance affects the administrative judge's analysis of the appellant's affirmative defenses, he should address such argument or evidence in his remand initial decision.  *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

¶26    For the reasons discussed above, we grant the appellant's petition for review, affirm the initial decision in part as modified to (1) find that the agency communicated its performance standards to the appellant, and (2) clarify the legal standard applicable to the appellant's discrimination-based affirmative defenses.

We vacate the initial decision in part and remand this case to the regional office for further adjudication consistent with *Santos*.

FOR THE BOARD:          _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.